FILED IN OPEN COURT
DATE 1\16\18
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENDALL DEMARKO WYSINGER,<br>a/k/a "Demarko," a/k/a "D" | SUPERSEDING INDICTMENT<br><br>Criminal No. 5:17CR00022<br><br>*In violation of*:<br>18 U.S.C. § 1512(b)(3)<br>18 U.S.C. § 1512(c)(1)<br>18 U.S.C. § 1594(c)<br>18 U.S.C. § 2421<br>21 U.S.C. § 841(a)(1) |

The Grand Jury charges that:

## COUNT ONE

### *Conspiracy to Commit Sex Trafficking*

1. Beginning on an unknown date, but no later than in or about January 2015, and continuing to in or about January 2017, in the Western District of Virginia and elsewhere, the defendant, KENDALL DEMARKO WYSINGER, did knowingly conspire with other persons known and unknown to the Grand Jury, in and affecting interstate and foreign commerce, to recruit, entice, harbor, transport, provide, obtain, and maintain M.A.J., C.S.S., S.I.F., D.L.F., and others, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion and a combination of those means would be used to cause M.A.J., C.S.S., S.I.F., D.L.F., and others to engage in a commercial sex act, namely:

   a. The defendant, KENDALL DEMARKO WYSINGER, and his coconspirators used cell phones and social media networks to recruit and solicit females working in prostitution.

    b. The defendant, KENDALL DEMARKO WYSINGER, and his coconspirators posted photographs of females on websites advertising commercial sex to solicit customers to engage in sex acts with those females.

    c. The defendant, KENDALL DEMARKO WYSINGER, and his coconspirators transported females to meetings with customers at motels, hotels, and private residences in Virginia, West Virginia, Maryland, and elsewhere to engage in sex acts for money.

    d. The defendant, KENDALL DEMARKO WYSINGER, and his coconspirators provided heroin and other drugs to females and used the females' addiction to drugs to coerce them into working in prostitution.

    e. The defendant, KENDALL DEMARKO WYSINGER, used threats and intimidation to coerce females to engage in prostitution and to conceal his involvement in prostitution and drug activity from law enforcement.

in violation of 18 U.S.C. § 1591(a)(1).

2. All in violation of 18 U.S.C. § 1594(c).

## COUNT TWO

*Interstate Transportation for Prostitution*

3. On or about August 27 through 28, 2015, in the Western District of Virginia and elsewhere, the defendant, KENDALL DEMARKO WYSINGER, did knowingly transport an individual, M.A.J., in interstate commerce from West Virginia, to Shenandoah County, Virginia, with intent that such individual engage in prostitution, and attempted to do so.

4. All in violation of 18 U.S.C. § 2421.

## COUNT THREE

*Possession with Intent to Distribute and Distribution to C.S.S.*

5. On or about March 23, 2016, in the Western District of Virginia and elsewhere, the defendant, KENDALL DEMARKO WYSINGER, knowingly and intentionally possessed with the intent to distribute and distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury

and death of C.S.S.

6. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT FOUR

*Possession with Intent to Distribute and Distribution to T.J.M.*

7. On or about March 23, 2016, in the Western District of Virginia and elsewhere, the defendant, KENDALL DEMARKO WYSINGER, knowingly and intentionally possessed with the intent to distribute and distributed a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the serious bodily injury of T.J.M.

8. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT FIVE

*Evidence Tampering*

9. On or about the March 23, 2016, in the Western District of Virginia, the defendant, KENDALL DEMARKO WYSINGER, did corruptly alter, destroy, mutilate, and conceal objects, specifically drugs and drug paraphernalia, and attempt to do so, with the intent to impair the objects' integrity and availability for use in an official proceeding, a federal grand jury investigation.

10. All in violation of 18 U.S.C. § 1512(c)(1).

## COUNT SIX

*Witness Tampering*

11. In or about March 2016, in the Western District of Virginia and elsewhere, the defendant, KENDALL DEMARKO WYSINGER, knowingly attempted to corruptly persuade and knowingly engaged in misleading conduct toward T.J.M. by contacting T.J.M. through electronic messaging and providing false information to T.J.M. with the intent to hinder, delay and prevent

3

the communication to a law enforcement officer of information relating to the commission of and possible commission of a Federal offense, namely, a violation of Title 21, United States Code, Section 841(a)(1).

12. All in violation of 18 U.S.C. § 1512(b)(3).

## NOTICE OF FORFEITURE AS TO COUNTS ONE & TWO

13. The defendant is hereby on notice that, pursuant to Federal Rule of Criminal Procedure 32.2, if convicted of the felony offense(s) alleged in Counts One and/or Two of this Superseding Indictment, the defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the commission of the offense in Counts One and/or Two.

   b. any interest in property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense in Counts One and/or Two.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 18 U.S.C. §§ 1594(d), 1594(e), and 2428.

## NOTICE OF FORFEITURE AS TO COUNTS THREE & FOUR

15. Upon conviction of the felony offense(s) alleged in Counts Three and/or Four in this Superseding Indictment, the defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL this 16th day of January, 2018.

s/ Grand Jury Foreperson
FOREPERSON

For
RICK A. MOUNTCASTLE
UNITED STATES ATTORNEY

5